CENTRAL TRUST CO., Receiver, etc., *v.* COOK COUNTY NAT. BANK.

*(Circuit Court, N. D. Illinois.* April 16, 1883.)

1. **BANKING—DISCOUNT OF NOTE OF PRESIDENT INDORSED BY BANK.**

    Where a party discounts a note given by the president of a bank, with the indorsement of the bank thereon, supposing that he is dealing with and advancing the money to the bank, and not the president personally, the bank will be held liable for the payment of such note. *Claflin* v. *Farmers' Loan & Trust Co.* 25 N. Y. 293, distinguished.

2. **SAME—RECOVERY OF LOAN—NO AUTHORITY TO DO BANKING BUSINESS.**

    Although an association may not have power to do a general banking business, if a person borrows money from such association such money may be recovered in an action for money had and received. *Trust Co.* v. *Helmer*, 77 N. Y. 64, distinguished.

At Law.

*Louis L. Palmer*, for plaintiff.

*Monroe & Bull*, for defendant.

BLODGETT, J.   The declaration in this case is against the defendant as maker of two notes for $25,000 each,—one dated November 19, 1874, payable 60 days after date, with interest; and the other dated December 29, 1874, payable on demand, with interest,—both executed on behalf of the defendant by Chauncey T. Bowen, and made payable at the New York State Loan & Trust Company office in New York; two notes for $25,000 each, dated September 1, 1874, made by B. F. Allen, payable to his own order, one in six and the other in seven months from date, indorsed by Allen to the defendant and by the defendant indorsed to the New York State Loan & Trust Company; one note for $5,000, dated September 24, 1874, made by the First National Bank of Wyandotte, Kansas, payable to the defendant bank four months after date, and payment guarantied by the defendants to the New York State Loan & Trust Company; and one note for $10,000, and 10 per cent. interest after due, dated September 28, 1874, made by B. F. Murphy & Co., payable to defendant four months after date, and the payment whereof is also guarantied by the defendant to the New York State Loan & Trust Company; and also for a balance of open account due from the defendant to the New York State Loan & Trust Company.   The declaration also contains counts for moneys loaned and money had and received for the use of the plaintiff, and also for the use of the New York State Loan & Trust Company.   The defendant's proof tends to show that the two Allen notes represent an advance made by the loan and trust company to

Allen for his own private purposes, in which the defendant bank had no interest whatever, and that the officers of the loan and trust company knew, at the time they made such advance, that the money was borrowed by Allen only and for his own use and business. But the proof on the part of the plaintiff shows, I think, by a decided preponderance, that the officers of the loan and trust company advanced the amount of those two Allen notes as a loan to the defendant; that Mr. Allen, acting as president of the defendant bank, obtained the money represented by the face of the two Allen notes, less the discount, as a loan to his bank; that the money so obtained was placed on the books of the loan and trust company to the credit of the defendant bank and afterwards drawn out by checks or drafts of the defendant, which were duly paid by the loan and trust company. And while the defendant's proof tends to show that the defendant passed the full proceeds of this loan, on its books, to the credit of Allen, yet the preponderance of proof is that the officers of the loan and trust company had no knowledge of the use the defendant made of the money; and even if they had known that the defendant passed the entire proceeds to the credit of Allen, I do not see that such fact alone would be notice to the loan and trust company that the loan was Allen's, and not that of the bank. The question is, to whom did the loan and trust company give credit when they advanced the money on this paper? and the preponderance of testimony, as I have already said, is that the credit was given to this defendant, and that the money was supposed to be advanced to the defendant by the officers of the loan and trust company. I think there can be no doubt from the proof that the loan and trust company, through its officers, supposed that they were dealing with and advancing money to the defendant bank.

This case differs, as I think, very widely in its facts from the case of *Claflin* v. *Farmers' Loan & Trust Co.* 25 N. Y. 293, cited and relied upon by defendant's counsel, and I do not deem it controlling. For the president of a bank, as shown in that case, to certify his own check on his own bank is a very different transaction from that of Allen's giving his own note, with the indorsement of the bank, for a loan to his bank. If the defendant bank, through its president as surety, desired to borrow money, in what more natural and business-like way could it have been done than for the president to give his own note, and place thereon the indorsement of his bank? As to the two notes for $25,000 each, made to the plaintiff by Bowen, it is admitted that they represent an actual loan by the loan and trust

company to the defendant, and it is conceded that the plaintiff should recover on them, unless the court shall deem itself bound by the case of *Trust Co.* v. *Helmer,* 77 N. Y. 64, where it is held by the New York court of appeals, in construing the charter of the New York State Loan & Trust Company, that it had no right to exercise banking powers. I am not disposed to question the soundness of that decision as applied to the facts there discussed. That was a complaint upon notes brought or discounted by the loan and trust company, and the court, on demurrer to the complaint, held that the loan and trust company had no power, under its charter, to deal in such notes, or to discount commercial paper. In the case at bar, however, there is no doubt the loan and trust company advanced $48,075 in money on account of the Allen notes, and $50,000 on account of the Bowen notes; and also that the defendant received from the loan and trust company the full amount represented by the Murphy & Co. and Wyandotte Bank notes.

I think, under all the testimony in the case, that the proof makes out a right on the part of the plaintiff to recover the money, with interest on the two Allen notes, which would be $48,075; from which should be deducted the $8,000 paid and indorsed on the notes; and the amount of the Bowen and Murphy notes, and also the Bank of Wyandotte's note.

I take this view of the right of the complainant to recover from the fact I cannot conceive that the case of *Trust Co.* v. *Helmer* goes far enough to hold that although this loan and trust company had not banking powers, yet, if a person borrowed money from them, that the loan and trust company cannot recover the money back in an action for money had and received. It seems to me it does not lie in the mouth of this bank to say to its creditor from whom it has obtained over $100,000, "You had no power to do a banking business, and therefore you shall not recover back the money we borrowed of you and agreed to pay you." True, they may not maintain an action on the discount technically, but the same principle is applicable here which the United States supreme court and circuit courts have so often applied where municipal corporations have no authority to issue bonds, yet if they do issue bonds and sell them and receive the money thereon, an action for money had and received will lie to recover back the money.

As to the open account sued upon, no recovery can be allowed upon it, as the proof satisfies me that this account is mainly made up of items growing out of personal dealings between Allen, the presi-

dent of the defendant bank, and Smythe, the president of the loan and trust company, and although charged to the defendant in an account rendered by the loan and trust company, yet it was so near the time of the failure of the bank that I do not think that the acquiescence of the bank in the correctness of the account should be presumed.

Judgment, $80,669.60.